BEFORE THE THIRD DIVISION, JANUARY 13, 1939

No. 40421.—Protests 825048–G, etc., of Union Brokerage Co. (Pembina).

KEEFE, Judge: This case involves the question whether or not the collector acted within his authority in refusing to make an allowance for draft or tare, as reported by the United States weigher. The importer claims that the tare should have been allowed under article 1355 of the Customs Regulations of 1931, which provides that the weigher should state in his return what, in his judgment, constitutes a fair tare allowance, and that, as the weigher made his report accordingly, the collector is bound to follow it. The collector in his timely report states that he refused to allow any deduction for tare in liquidating the entries because the filth adhering to the animals was not considered by him as such tare as may be deductible under the existing regulations covering tare allowance.

At the trial the plaintiff offered in evidence the dock books and reports of the United States weigher. The Government objected to the introduction thereof for the reason that the weigher was not authorized to estimate a tare, and further, that before the weigher's records become admissible the plaintiff must prove that the tare in question is recognized in the trade as a deductible tare. The court overruled the objections of the Government, first, because there was no showing that the weigher estimated the tare in question, second, that the Government failed to discredit the weigher's reports by showing that the tare was illegally allowed by the weigher and is not, in fact, a deductible item, or that an estimated tare could not be made in the manner followed by the weigher, thus holding that the burden of going forward with the evidence shifted to the Government. The weigher's reports were therefore duly admitted in evidence. The plaintiff then rested without the introduction of further evidence.

The plaintiff contends that inasmuch as the dock books and records of the weigher show that a tare was found to exist, there is no evidence in the record to contradict the plaintiff's *prima facie* showing that the collector failed to make proper allowance for tare. It is further contended that the burden shifted to the Government of going forward with the evidence to prove that the tare allowance noted by the weigher consisted of a substance or impurity not unusual to that class of merchandise.

The Government contends that the plaintiff failed to comply with the provisions of article 813, Customs Regulations of 1931, requiring that an application for an allowance of impurities shall be filed with the collector of customs within ten days after the return of weight has been received by him, whereupon the collector shall cause an investigation to be made to determine whether or not such impurities were usually found upon such merchandise, and, if satisfied from such reports, he is required to make allowance in liquidation. The Government further contends that there is no evidence in the record tending to establish that the allowance sought for consists of impurities not usually found upon such or similar cattle.

Section 507 of the Tariff Act of 1930 provides that there shall be no allowance for draft or for impurities, other than excessive moisture and impurities not usually found in or upon such or similar merchandise, and authorized the Secretary of the Treasury to prescribe and issue regulations for the ascertainment of tare upon imported merchandise. Under said authority, article 813, Customs Regulations of 1931, the Secretary of the Treasury published rules to be followed by importers in case of dissatisfaction with allowances so made for tare. Article 813 provides that applications for allowance for excessive moisture or other impurities shall be made and filed with the collector within ten days after the return of weight has been received by him. Thereafter the collector shall cause an investigation to be made to determine whether or not the merchandise does contain the impurities contended for and whether or not they are usually found in or upon

such or similar merchandise, and if he is satisfied from the reports that the claim is valid, he shall make due allowance.

Here, there is no dispute concerning the correctness of the weights or tare allowance reported by the United States weigher. It is clear that the collector investigated the conditions without application of the importers and was not satisfied that the allowance reported to him by the weigher should be acted upon by him in liquidating the entries. Therefore, as this regulation is made for the purpose of giving the collector an opportunity of investigating the matter while the goods are within his jurisdiction or available for his inspection, we are inclined to think that a failure of importers to make an application for a tare allowance within ten days from the collector's receipt of the weigher's reports does not prejudice the importer in such circumstances as are now before us, because the collector, even though he had the reports of the weigher before him showing certain impurities as tare, determined that the filth adhering to the animals was not such tare as may be deductible.

The question before us is whether or not the impurities found upon the cattle are such as are usually found upon such animals. All we have before us is the weigher's dock books and reports to the collector stating his findings and giving his opinion of what should be deducted as tare. In admitting the dock books and official reports in evidence the court stated that the burden of going forward with the evidence shifts to the Government to prove that the tare was illegally allowed by the weigher and that it is not a deductible item and that an estimated tare cannot be made in the manner followed by the weigher. As the Government failed to assume this burden of showing why said dock books and records were not admissible, they were admitted as competent evidence. Neither party to the controversy disputes the accuracy of these reports. The Government rests upon the presumption of correctness of the collector's action in liquidating the entries. Under the circumstances, we feel that the importer now has the burden of proving that the collector erred in his judgment in refusing to follow the findings of the weigher. This might have been shown by evidence to the effect that the reported tare consisted of impurities not usually found in or upon such or similar merchandise. As the importer has failed in this proof, the presumption of correctness of the collector's finding that the filth adhering to the animals was not such tare as may be deductible has not been overcome.

For the reasons stated, judgment will be entered in favor of the defendant.